UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

BRANDY KOSUB,                        §
                                     §
    Plaintiff,                       §
                                     §
v.                                   §
                                     §    Civil Action No. 5:23-cv-00049
ROBERT TAIYO GUERRA and              §
ACADIAN AMBULANCE SERVICE, INC.,     §
                                     §
    Defendants.                      §

## **EXHIBIT 1**

    True and correct copies of Plaintiff's Original Petition and Jury Demand, Defendants'
Answer to Plaintiff's Original Petition and Jury Demand, Agreed Docket Control Order, Plaintiff's
Notice of Filing Billing Records with Affidavits, Plaintiff's Second Notice of Filing Billing
Records with Affidavits, Plaintiff's Motion to Compel Written Discovery, Defendant's Motion to
Bifurcate, Proposed Order for Defendant's Motion to Bifurcate, Plaintiff's Third Notice of Filing
Billing and Medical Records with Affidavits, Plaintiff's First Amended Petition, and Notice of
Hearing on Motion to Bifurcate, are attached hereto as Exhibit 1.

EXHIBIT 1

Filed
9/7/2022 7:22 PM
Deborah Bryan
Wilson County
District Clerk

CAUSE NO. CVW2200265

| | | |
|---|---|---|
| BRANDY KOSUB, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | Wilson County - 81st District Court |
| | § | ____ JUDICIAL DISTRICT |
| ROBERT TAIYO GUERRA AND | § | |
| ACADIAN AMBULANCE SERVICE, INC., | § | |
| | § | |
| DEFENDANT. | § | WILSON COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

TO:    THE HONORABLE JUDGE OF SAID COURT

NOW COMES Plaintiff Brandy Kosub and files this her Original Petition and Jury Demand complaining of Defendants Robert Taiyo Guerra and Acadian Ambulance Service, Inc. (collectively "Defendants") and for such cause of action, would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1    Plaintiff pleads that pursuant to Tex. R. Civ. P 169(d) (1), discovery shall be conducted under Discovery Control Plan Level 3.

### II. SPECIFIC STATEMENT OF RELIEF

2.1    Plaintiff pleads for an amount of actual and exemplary damages which the jury deems reasonable under the circumstances which is between $1 and $10 million.

### III. PARTIES

3.1    Plaintiff, **Brandy Kosub**, is a resident of Wilson County, Texas.

3.2    Defendant **Robert Taiyo Guerra** is an individual citizen of Comal County, Texas, who may be served with private process at his residence: 536 Teal Dr., New Braunfels, Texas 78130 or

Filed
9/27/2022 2:22 PM
Deborah Bryan
Wilson County
District Clerk

at his place of employment: 129 Commercial Place, Schertz, Texas 78154, or wherever else he may be found.

3.3    Defendant **Acadian Ambulance Service, Inc**. is a foreign entity doing business in Wilson County, Texas and who may be served with private process through its registered agent: Kelly C. Hartmann at 1301 McKinney Street, Ste. 1400, Houston, Texas 77010 or wherever else he may be found.

## V. JURISDICTION AND VENUE

4.1    The amount in controversy is within the jurisdictional limits of this Court.  The Court has jurisdiction to grant all relief requested by Plaintiff.

4.2    Venue of this lawsuit is proper in Wilson County pursuant to Texas Civil Practice & Remedies Code Annotated § 15.002, as all or substantial part of the event or omissions giving rise to these causes of action occurred in Wilson County, Texas.

## V. FACTS

5.1    Plaintiff brings this lawsuit to recover damages arising out of an automobile collision which occurred on or about May 21, 2021.  On that day, Ms. Kosub was traveling southbound on US 87 in Wilson County, Texas in her 2016 Honda CRV.  Defendant Guerra, while in the scope and course of his employment – specifically while transporting a patient - was traveling the opposite direction in an Acadian Ambulance.  At some point, Defendant crossed the center lane and began driving on the wrong side of the road.  Realizing that a head-on collision was imminent, Plaintiff swerved left to avoid direct impact, but was still struck by the Acadian Ambulance.  The impact causing Plaintiff's vehicle to roll over several times before coming to rest in a ditch.  As a result of this collision, Mr. Guerra was ticketed for driving on the wrong side of the road and Plaintiff sustained significant injuries.

Filed
9/27/2022 7:22 PM
Deborah Bryan
Wilson County
District Clerk

## VI.  RESPONDEAT SUPERIOR/VICARIOUS LIABILTY

6.1    Plaintiffs would show that Defendant Robert Taiyo Guerra was an agent, servant and/or employee of Acadian Ambulance Service, Inc. and was, at the time of the incident made the basis of this suit, acting within the course and scope of his employment for said Defendant.  Pursuant to the doctrines of respondeat superior and vicarious liability, Defendant Robert Taiyo Guerra's negligent acts and/or omissions are imputed to Acadian Ambulance Service, Inc.

## VII.  NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT ROBERT TAIYO GUERRA

7.1    Plaintiff would show that, at the time of the incident, Defendant ROBERT TAIYO GUERRA was negligent and grossly negligent in at least the following respects:

    a.    In driving on the wrong side of the road;

    b.    In failing to take proper evasive action to avoid the collision in question;

    c.    In operating his vehicle while his ability or alertness was so impaired, or likely to become impaired, as to make it unsafe for him to operate the vehicle in question;

    d.    In failing to exercise that degree of care and prudence which an ordinary reasonable person would exercise under the same or similar circumstances; and

    e.    Driver inattention; and

    f.    In violating applicable provisions of the Texas Transportation Code.

7.2    The above enumerated acts and/or omissions on the part of the Defendant, alone or in combination with others which may be shown after discovery in this cause, constitute negligence and gross negligence which was/were a proximate cause of the Plaintiff's injuries and damages resulting from the incident in question.

Filed
9/27/2022 4:22 PM
Deborah Bryan
Wilson County
District Clerk

## VIII.  NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT ACADIAN AMBULANCE SERVICE, INC.

8.1    Plaintiff would show that Defendant ACADIAN AMBULANCE SERVICE, INC.  was negligent, negligent per se and/or grossly negligent in at least the following respects:

        a.  Hiring ROBERT TAIYO GUERRA when it knew or by the exercise of reasonable care should have known that ROBERT TAIYO GUERRA was an unsafe driver and was not competent to perform the requisite duties of his employment in a safe and prudent manner; and

        b.  Failing to properly train and supervise ROBERT TAIYO GUERRA as an ambulance driver and for failing to know, or in the exercise of ordinary care, should have known that Defendant ROBERT TAIYO GUERRA was a careless, incompetent and unsafe driver and would operate the vehicle negligently and cause a collision;

        c.  Failure to implement, maintain and adhere to applicable safety and maintenance standards in violation of the applicable provisions of the Texas Motor Carrier Safety Regulations and/or the Texas Transportation Code.

8.2    The above enumerated acts and/or omissions on the part of the Defendant ACADIAN AMBULANCE SERVICE, INC., alone or in combination with others which may be shown after discovery in this cause, constitute negligence and/or negligence per se and/or gross negligence which was/were a proximate cause of the Plaintiff's injuries and damages resulting from the incident in question.

## VIII. DAMAGES

8.1    Plaintiff, Brandy Kosub, has incurred and is entitled to, all of the following legal damages as a result of Defendant's conduct:

        1.    Medical and pharmaceutical care expenses that, in reasonable probability Plaintiff will incur in the future;

        2.    Physical pain and suffering experienced in the past;

        3.    Physical pain and suffering that, reasonable probability, Plaintiff will suffer in the future;

        4.    Mental anguish experienced in the past;

Filed
9/27/2022 4:22 PM
Deborah Bryan
Wilson County
District Clerk

5.      Mental anguish that, in reasonable probability, Plaintiff will suffer in the future;

6.      Physical impairment in the past;

7.      Physical impairment that, in reasonable probability, Plaintiff will suffer in the future;

8.      Physical disfigurement sustained in the past;

9.      Physical disfigurement that, in reasonable probability, Plaintiff will suffer in the future;

10.     Loss of earning capacity sustained in the past;

11.     Loss of earning capacity that, in reasonable probability, Plaintiff will suffer in the future;

12.     Exemplary damages;

13.     Pre and post judgment interest as permitted by law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon a final trial by jury, that a Judgment be rendered for Plaintiff and against Defendants for actual and exemplary damages, jointly and severally, in an amount the jury deems reasonable under the circumstances which is in excess of the minimum jurisdictional limits of the Court, along with cost of court, and both post and pre-judgment interest as allowed by law, ands for such other further relief to which Plaintiff may be justly entitled.

<div align="center">

**PLAINTIFFS RESPECTFULLY REQUEST A JURY TRIAL**

</div>

Respectfully submitted,

**DE LEON LAW OFFICE**
219 N. Alamo St., Suite 300
San Antonio, Texas 78205
Telephone:      (210) 684-4433
Facsimile:      (210) 247-9631
Email: eric@deleonlawoffice.com

GILBERT ERIC DE LEON
State Bar No: 24045763

Attorney for Plaintiff Brandy Kosub

Filed
6/24/2022 7:28 PM
Deborah Bryan
Wilson County
District Clerk

CAUSE NO. CVW2200265

| | | |
|---|---|---|
| BRANDY KOSUB, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | WILSON COUNTY, TEXAS |
| ROBERT TAIYO GUERRA AND | § | |
| ACADIAN AMBULANCE SERVICE, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | 81ST JUDICIAL DISTRICT |

## ACADIAN AMBULANCE SERVICE, INC.'S AND ROBERT TAIYO GUERRA'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

COME NOW, ACADIAN AMBULANCE SERVICE, INC., and ROBERT TAIYO GUERRA (collectively "Defendants"), Defendants in the above-numbered and entitled cause, and file their Answer to Brandy Kosub's ("Plaintiff") Original Petition and Jury Demand.  In support thereof, Defendants would respectfully show the Court the following:

### I.
### GENERAL DENIAL

1.     Defendants generally deny Plaintiff's allegations as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully request that the Court and Jury require Plaintiff to prove her claims, charges, and allegations by that standard of evidence as required by the Constitution and Laws of the State of Texas and the Constitution and Laws of the United States of America.

### II.
### AFFIRMATIVE DEFENSES

2.     Defendants assert the affirmative defense of contributory negligence.  Defendants would show that the occurrence in question, as well as the damages complained of, were

1

Filed
1/12/2023 7:28 PM
Deborah Bryan
Wilson County
District Clerk

proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of Plaintiff.

3.     Defendants assert that the occurrence in question, as well as the damages complained of, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties, persons, or entities over whom Defendants had no right of control nor for whom Defendants was legally responsible. Accordingly, Defendants are entitled to a jury instruction on sole proximate cause and new and independent or superseding cause.

4.     In the unlikely event they are found liable to Plaintiff, Defendants would show that they are entitled to a reduction for the negligence, liability, fault, or other conduct attributable to any other party, individual, or entity in accordance with the Doctrine of Comparative Fault as enunciated by the Supreme Court of the State of Texas.

5.     Defendants are entitled to a credit or offset for all monies or consideration paid to Plaintiff by virtue of any type or form of settlement agreement entered into by and between Plaintiff and any other person or entity not a party to this litigation.

6.     In the event that Defendants are found liable to Plaintiff, Defendants are entitled to contribution, credit, and/or indemnity as provided by the laws and statutes of the State of Texas, including but not limited to, the provisions of Chapter 32 and Chapter 33 of the Texas Civil Practice and Remedies Code, as well as other applicable laws and statutes.

7.     Defendants allege that the injuries and/or damages allegedly sustained by Plaintiff were caused, in whole or in part, by prior or subsequent medical problems, injuries, conditions or accidents involving or pertaining to Plaintiff.

Filed
9/24/2022 7:28 PM
Deborah Bryan
Wilson County
District Clerk

8.    Defendants assert that, at all material times, Plaintiff failed to mitigate her injuries and damages, as would have been done by a reasonable and prudent person; Plaintiff's failure to mitigate her injuries and damages proximately caused or at least contributed to her claimed injuries and damages.

9.    To the extent that the medical expenses claimed by Plaintiff exceed the amount actually paid or incurred by or on behalf of her, Defendants assert the statutory defense set forth in Section 41.0105 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

10.    For any claims for lost wages or loss of future earning capacity, Defendants further invoke the limitation contained within Section 18.091 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE.

11.    Pleading further, and with respect to the Plaintiff's claims seeking punitive or exemplary damages herein, Defendants assert that the limitations of Chapter 41 of the Civil Practice and Remedies Code would further show that such damages are inappropriate and impermissible under law due to the following:

a.    Plaintiff should be required to prove the basis of such damages beyond clear and convincing evidence and the failure to require the same is a denial of due process under law and a denial of equal protection of the law as prescribed under the United States Constitution and the Constitution of the State of Texas.

b.    An award of punitive or exemplary damages would constitute a taking of property without due process of law as guaranteed by the United States Constitution and the Constitution of the State of Texas.

c.    It is a denial of due process of law and of equal protection of the law under the United States Constitution and the Constitution of the State of Texas to permit a corporation to be vicariously liable for punitive or exemplary damages which were awarded on the basis of alleged acts or omissions of employees, agents or representatives of the corporation under the doctrine of Respondeat Superior or any other vicarious liability doctrine.

Filed
1/2/2021 7:28 PM
Deborah Bryan
Wilson County
District Clerk

d.     Punitive and/or exemplary damages provide unjust enrichment by reason of the unconstitutional taking of property without due process as provided under the United States Constitution and the Constitution of the State of Texas.

e.     Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that both on its face and in application, it denies Defendants due process of law and equal protection of the law as provided under the United States Constitution and the Constitution of the State of Texas.

f.     Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that it prevents courts and juries from consistently applying the law and further prevents effective judicial review of such punitive damage awards.

g.     Under Texas law, the measure of damages for punitive and exemplary damages is so vague and ambiguous that the basis of such damages cannot be clearly and readily identified in advance so as to guide the behavior of individuals and their actions, thus constituting an ex-post facto law specifically prohibited by the United States Constitution and the Constitution of the State of Texas.

h.     An award of punitive and exemplary damages would violate the excessive fines clause of the Eight Amendment as applied to the Fourteenth Amendment of the United States Constitution.

12.     Furthermore, Defendants hereby provides notice of its intention to bifurcate any and all issues relating to exemplary damages from the liability and actual damages phase of trial.

13.     Defendants reserve the right to designate Responsible Third Parties in accordance with Texas Civil Practice & Remedies Code Section 33.004 (Designation of Responsible Third Parties).

### III.
### RULE 193.7 NOTICE

14.     Defendants expressly invoke Rule 193.7 of the Texas Rule of Civil Procedure and provide notice of their intention to use any and all documents produced in discovery responses as evidence in any pre-trial proceeding or trial itself.

Filed
9/24/2021 1:28 PM
Deborah Bryan
Wilson County
District Clerk

**IV.**
**JURY DEMAND**

15.     Defendants respectfully demand a trial by jury on all contested issues of fact and hereby pay the required fee.

**V.**
**RESERVATION OF RIGHT TO AMEND**

16.     Defendants respectfully reserve the right to amend their Original Answer to Plaintiff's Original Petition and Jury Demand and the allegations contained within Plaintiff's Original Petition and Jury Demand after Defendants have had ample opportunity to more closely investigate these claims as is the right and privilege of Defendants under the Texas Rules of Civil Procedure and the laws of the State of Texas.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendants pray that Plaintiff take nothing and that all relief required by Plaintiff be denied, and that this suit be dismissed with prejudice and that Defendants recover their costs and reasonable and necessary attorneys' fees from Plaintiff.  Defendants respectfully request any and all relief to which this Honorable Court finds them entitled.

Respectfully submitted by,

GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH

*/s/ Mark R. Pharr, III*
Mark R. Pharr, III
  State Bar No. 15898950
  tiger@gallowaylawfirm.com
Berenice Medellín Pruettiangkura
  State Bar No. 24088746
  bmedellin@gallowaylawfirm.com
14643 Dallas Parkway, Suite 635
Dallas, Texas 75254

Filed
6/24/2022 12:28 PM
Deborah Bryan
Wilson County
District Clerk

Telephone: (214) 545-6389
Fax: (214) 442-7973
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, facsimile, certified mail return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 24th day of June, 2022, as follows:

*Via E-Service*
Gilbert Eric De Leon
De Leon Law Office
219 North Alamo Street, Suite 300
San Antonio, TX  78205

*/s/ Berenice Medellín Pruettiangkura*
Mark R. Pharr, III
Berenice Medellín Pruettiangkura

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Shelia Shafer on behalf of Berenice Medellin
Bar No. 24088746
sshafer@gallowaylawfirm.com
Envelope ID: 65754946
Status as of 6/24/2022 12:45 PM CST

Associated Case Party: BRANDYKOSUB

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Gilbert EricDe Leon | | eric@deleonlawoffice.com | 6/24/2022 12:28:35 PM | SENT |

Associated Case Party: ROBERTGUERRA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 6/24/2022 12:28:35 PM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 6/24/2022 12:28:35 PM | SENT |
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 6/24/2022 12:28:35 PM | SENT |

Associated Case Party: INCACADIAN AMBULANCE SERVICE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 6/24/2022 12:28:35 PM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 6/24/2022 12:28:35 PM | SENT |
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 6/24/2022 12:28:35 PM | SENT |

Filed
1/12/2023 1:00:14 PM
Deborah Bryan
Wilson County
District Clerk

Cause NO. __CVW-2200265__

| | | |
|---|---|---|
| BRANDY KOSUB | § | **IN THE DISTRICT COURT OF** |
| VS. | § | WILSON    COUNTY, TEXAS |
| ROBERT GUERRA AND ACADIAN AMBULANCE SERVICE, INC. | § | 81ST / 218TH JUDICIAL DISTRICTS |

**DOCKET CONTROL ORDER**

The following docket control order shall apply to this case unless modified by the court. If no date is given below, the item is governed by the Texas Rules of Civil Procedure.

1.  10/17/22 — **JOINDER.** All parties must be added and served, whether by amendment or third party practice, by this date. THE PARTY CAUSING THE JOINDER SHALL PROVIDE A COPY OF THIS SCHEDULING ORDER AT THE TIME OF SERVICE.

2.  _____ — **EXPERT WITNESS DESIGNATION.** Expert witness designations are required and must be served by the following dates. The designation must include the information listed in Rule 194.2(f). Failure to timely respond will be governed by Rule 193.6.

(a)  11/1/22 — Experts for parties seeking affirmative relief.

(b)  12/1/22 — All other experts.

3.  LEVEL 3 — **DISCOVERY LIMITATIONS.** The discovery limitations of Rule190.2, if applicable, or otherwise of Rule 190.3 apply unless changed below:

(a)  40 — Total hours per side for oral depositions.

(b)  25 — Number of interrogatories that may be served by each party on any other party.

4.  _____ — **ALTERNATIVE DISPUTE RESOLUTION.**

(a)  12/1/22 — By this date the parties must either (1) file an agreement for ADR stating the form of ADR requested and name of an agreed mediator, if applicable; or (2) set an objection to ADR. If no agreement or objection is filed, the court may sign an ADR order.

(b)  1/16/23 — ADR conducted pursuant to the agreement of the parties must be completed by this date.

5.  3/10/23 — **DISCOVERY PERIOD ENDS.** All discovery must be conducted before the end of the discovery period. Parties seeking discovery must serve requests sufficiently far in advance of the end of the discovery period that the deadline for responding will be within the discovery period. Counsel may conduct discovery beyond this deadline by agreement. Incomplete discovery will not delay the trial.

6.  _____ — **DISPOSITIVE MOTION AND PLEAS.** Must be set for hearing or submission as follows:

(a)  2/10/23 — Dispositive motions or pleas subject to an interlocutory appeal must be set by this date.

(b)  2/10/23 — Summary Judgment motions not subject to an interlocutory appeal must be set by this date.

(c)  11/1/22 — Rule 166a(i) motions may not be set before this date.

7.  3/10/23 — **CHALLENGES TO EXPERT TESTIMONY.** All motions to exclude testimony and evidence challenges to expert testimony must be filed by this date, unless extended by leave of court.

8.  3/10/23 — **PLEADINGS.** All amendments and supplements must be filed by this date. This order does not preclude prompt filing of pleadings directly responsive to any timely filed pleadings.

9.  3/22/23 — **PRETRIAL CONFERENCE and/or (a) DOCKET CALL.** Parties shall be prepared to discuss all

(a)  _____ — aspects of trial with the court on this date. All hearings begin at 9:00 a.m., unless specified otherwise by the court. Failure to appear will be grounds for dismissal for want of prosecution.

10.  4/10/23 — **TRIAL.**

(a)  YES — Jury Trial Requested? Date Paid: _ _____

(b)  MVA — Type of Case

(c)  4 DAYS — Estimated length of Trial

SIGNED _____ 7/19/2022 , 20____

PRESIDING DISTRICT JUDGE

Gilbert Eric De Leon /s/
ATTORNEY FOR PLAINTIFF

Address:
219 N. Alamo St. Ste. 300
San Antonio, Texas 78205
Phone: 210-684-4433
Fax: 210-247-9631

Mark "Tiger" Pharr, III with permission
ATTORNEY FOR RESPONDENT

Address:
14643 Dallas Parkway
Dallas, Texas 75254
Phone: 214-545-6389
Fax: 214-442-7973

CVW-2200265

| | | |
|---|---|---|
| **BRANDY KOSUB,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF,** | § | |
| **vs.** | § | |
| | § | **81st JUDICIAL DISTRICT** |
| **ROBERT TAIYO GUERRA AND** | § | |
| **ACADIAN AMBULANCE SERVICE, INC.,** | § | |
| | § | |
| **DEFENDANT.** | § | **WILSON COUNTY, TEXAS** |

## PLAINTIFF'S NOTICE OF FILING BILLING RECORDS WITH AFFIDAVITS

TO THE HONORABLE JUDGE OF SAID COURT:

You are notified that Plaintiff files this Notice of Filing of Plaintiff's medical billing records by affidavit pursuant to Tex. Civ. Prac. and Rem. Code §18.001(h)(1) and as business records pursuant to Texas Rules of Evidence 902(10). The following Notice of Service with billing records have been served upon all parties to this case in accordance with the requirement of Tex. Civ. Prac. and Rem. Code §18.001(d-2) and TRE 902(10):

EXHIBIT "A"        Rebecca LeFlore, Custodian of Billing Records
                   Brooke Army Medical Center
                   3551 Roger Brooke Dr #211
                   Fort Sam Houston, Texas 78234

EXHIBIT "B"        Victoria Barnes, Custodian of Billing Records
                   Momentum Physical Therapy
                   13857 U.S. Hwy 87 W Ste 400
                   La Vernia, Texas 78121

EXHIBIT "C"        Tracy Armentrout, Custodian of Billing Records
                   North San Antonio Healthcare Associates
                   PO Box 19263
                   Belfast, ME 04915-4087

EXHIBIT "D"        Jessica Stucky, Custodian of Billing Records
                   Wilson County EMS District 3
                   PO Box 691363
                   Houston, Texas 77269-1363

Filed
8/25/2022 7:47 PM
Deborah Bryan
Wilson County
District Clerk

A true copy of the foregoing affidavit and records are attached hereto. Plaintiff is forwarding a copy of the above-referenced affidavit and records to Defendants. Defendants are further notified that the affidavits and records will be used by Plaintiff as evidence in the trial of this case.

Respectfully submitted,

**DE LEON LAW OFFICE**
219 N. Alamo St., Suite 300
San Antonio, Texas 78205
Telephone:    (210) 684-4433
Facsimile:     (210) 247-9631
Email: eric@deleonlawoffice.com

GILBERT ERIC DE LEON
State Bar No: 24045763

Attorney for Plaintiff Brandy Kosub

## Certificate of Service

I hereby certify that on this the 25th day of August 2022, I provided a copy of the foregoing to Defendant via e-mail in accordance with TRCP 21a.

GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH
Mark R. Pharr, III; tiger@gallowaylawfirm.com
Berenice Medellín Pruettiangkura; bmedellin@gallowaylawfirm.com
14643 Dallas Parkway, Suite 635
Dallas, Texas 75254
Telephone: (214) 545-6389
Fax: (214) 442-7973

ATTORNEYS FOR DEFENDANTS

Gilbert Eric De Leon

2

### Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gilbert  De Leon on behalf of Gilbert  De Leon
Bar No. 24045763
eric@deleonlawoffice.com
Envelope ID: 67682272
Status as of 8/26/2022 8:35 AM CST

Associated Case Party:  ROBERTGUERRA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 8/25/2022 7:27:12 PM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 8/25/2022 7:27:12 PM | SENT |
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 8/25/2022 7:27:12 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gilbert  De Leon on behalf of Gilbert  De Leon
Bar No. 24045763
eric@deleonlawoffice.com
Envelope ID: 67682272
Status as of 8/26/2022 8:35 AM CST

Associated Case Party:  INCACADIAN AMBULANCE SERVICE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 8/25/2022 7:27:12 PM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 8/25/2022 7:27:12 PM | SENT |
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 8/25/2022 7:27:12 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this
document via email generated by the efiling system on the date and to the persons listed below.
The rules governing certificates of service have not changed. Filers must still provide a certificate
of service that complies with all applicable rules.

Gilbert  De Leon on behalf of Gilbert  De Leon
Bar No. 24045763
eric@deleonlawoffice.com
Envelope ID: 67682272
Status as of 8/26/2022 8:35 AM CST
Associated Case Party: BRANDYKOSUB

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gilbert EricDe Leon | | eric@deleonlawoffice.com | 8/25/2022 7:27:12 PM | SENT |

Filed
9/30/2022 2:06 PM
Deborah Bryan
Wilson County
District Clerk

CVW-2200265

| | | |
|---|---|---|
| **BRANDY KOSUB,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF,** | § | |
| **vs.** | § | |
| | § | **81st JUDICIAL DISTRICT** |
| **ROBERT TAIYO GUERRA AND** | § | |
| **ACADIAN AMBULANCE SERVICE, INC.,** | § | |
| | § | |
| **DEFENDANT.** | § | **WILSON COUNTY, TEXAS** |

## PLAINTIFF'S SECOND NOTICE OF FILING BILLING RECORDS WITH AFFIDAVITS

TO THE HONORABLE JUDGE OF SAID COURT:

You are notified that Plaintiff files this Notice of Filing of Plaintiff's medical billing records by affidavit pursuant to Tex. Civ. Prac. and Rem. Code §18.001(h)(1) and as business records pursuant to Texas Rules of Evidence 902(10). The following Notice of Service with billing records have been served upon all parties to this case in accordance with the requirement of Tex. Civ. Prac. and Rem. Code §18.001(d-2) and TRE 902(10):

EXHIBIT "A"        Jason Chapman, Custodian of Billing Records
                   Ridgewood Orthopaedic Surgical Center of San Antonio
                   PO Box 5106
                   Belfast, ME 04915-5100
                   (210) 396-5369

A true copy of the foregoing affidavit and records are attached hereto. Plaintiff is forwarding a copy of the above-referenced affidavit and records to Defendants. Defendants are further notified that the affidavits and records will be used by Plaintiff as evidence in the trial of this case.

1

Filed
9/13/2022 2:06 PM
Deborah Bryan
Wilson County
District Clerk

Respectfully submitted,

**DE LEON LAW OFFICE**
219 N. Alamo St., Suite 300
San Antonio, Texas 78205
Telephone:      (210) 684-4433
Facsimile:      (210) 247-9631
Email: eric@deleonlawoffice.com

*G. Eric De Leon*
_____
GILBERT ERIC DE LEON
State Bar No: 24045763

Attorney for Plaintiff Brandy Kosub

## Certificate of Service

I hereby certify that on this the 13th day of September 2022, I provided a copy of the foregoing to Defendant via e-mail in accordance with TRCP 21a.

GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH
Mark R. Pharr, III; tiger@gallowaylawfirm.com
Berenice Medellín Pruettiangkura; bmedellin@gallowaylawfirm.com
14643 Dallas Parkway, Suite 635
Dallas, Texas 75254
Telephone: (214) 545-6389
Fax: (214) 442-7973

ATTORNEYS FOR DEFENDANTS

*G. Eric De Leon*
_____
Gilbert Eric De Leon

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gilbert  De Leon on behalf of Gilbert  De Leon
Bar No. 24045763
eric@deleonlawoffice.com
Envelope ID: 68208511
Status as of 9/13/2022 2:59 PM CST
Associated Case Party:  ROBERTGUERRA

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 9/13/2022 2:06:26 PM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 9/13/2022 2:06:26 PM | SENT |
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 9/13/2022 2:06:26 PM | SENT |

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gilbert  De Leon on behalf of Gilbert  De Leon
Bar No. 24045763
eric@deleonlawoffice.com
Envelope ID: 68208511
Status as of 9/13/2022 2:59 PM CST
Associated Case Party:  INCACADIAN AMBULANCE SERVICE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 9/13/2022 2:06:26 PM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 9/13/2022 2:06:26 PM | SENT |
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 9/13/2022 2:06:26 PM | SENT |

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gilbert  De Leon on behalf of Gilbert  De Leon
Bar No. 24045763
eric@deleonlawoffice.com
Envelope ID: 68208511
Status as of 9/13/2022 2:59 PM CST

Associated Case Party: BRANDYKOSUB

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|---------------------|--------|
| Gilbert EricDe Leon | | eric@deleonlawoffice.com | 9/13/2022 2:06:26 PM | SENT |

CVW-2200265

| | | |
|---|---|---|
| BRANDY KOSUB, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | |
| | § | 81st JUDICIAL DISTRICT |
| ROBERT TAIYO GUERRA AND | § | |
| ACADIAN AMBULANCE SERVICE, INC., | § | |
| | § | |
| DEFENDANT. | § | WILSON COUNTY, TEXAS |

## PLAINTIFF'S MOTION TO COMPEL WRITTEN DISCOVERY

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff Brandy Kosub ("Plaintiff") and files this First Motion to Compel

Written Discovery, and would respectfully shows the Court as follows:

## I.  SUMMARY

On or about May 21, 2021, Defendant crossed the center lane and collided head-on with

Plaintiff.  The impact of the collision caused Plaintiff's vehicle to roll several times, before coming

to a stop approximately 50 yards away.  Plaintiff suffered broken bones, a torn ACL and several

other injuries.

Plaintiff recently served Defendant Acadian Ambulance Service, Inc. with standard written

discovery requests that inquired about specific, relevant items at issue in this case.  Rather than

answer the questions, Defendant provided non-responsive answers, or lodged repetitive baseless,

boilerplate objections to several of the requests.  Defendant's Responses to Plaintiff's Requests for

Production and Interrogatories are attached hereto at **Exhibits A**.  Defendant's failure to properly

answer (and/or supplement) the above discovery requests has severely hampered Plaintiff's ability to

prepare for depositions and otherwise develop their case and has resulted in Plaintiff incurring

$1,200.00 in attorney's fees to prepare, set and argue this Motion to Compel.

## II.  DISCOVERY AT ISSUE

### A.  Interrogatories to Acadian Ambulance Services

On or about August 7, 2022, Plaintiff served her First Interrogatories upon Defendants.

Defendant Acadian Ambulance Service failed to properly respond to Interrogatory **Nos. 13 & 14**.

*13. Identify the employee(s) of ACADIAN AMBULANCE SERVICES, LLC having the most knowledge of the following subjects. For each person identified, give his/her position with ACADIAN AMBULANCE SERVICES, LLC*

*(a)    Compliance with company fleet vehicle policies and procedures;*
*(b)    Investigations of collisions involving ACADIAN AMBULANCE SERVICES, LLC's employees and vehicles;*
*(c)    ACADIAN AMBULANCE SERVICES, LLC's policies and procedures on hiring and retaining drivers who will be required to operate a company vehicle;*
*(d)    ACADIAN AMBULANCE SERVICES, LLC's Driver training and safety program.*

***ANSWER***:    ***Defendant objects to this discovery request because it is overly broad, vague, and ambiguous, and not limited in time and scope.***

*14.    Have you ever been a party to any other lawsuit, filed on or before May 21, 2021, in which it was claimed or alleged that a person was killed or injured as a result of a collision in which a vehicle driven for ACADIAN AMBULANCE SERVICES, LLC was involved? If so, for each such lawsuit, give the style and cause number and court filed in, the name(s), address(es), and phone number(s) of the attorney(s) for the injured party(ies), the date the lawsuit was filed, the date it was concluded, and the full citation to any court reported decision rendered in regard to such case.*

***ANSWER***:    ***Defendant objects because this Interrogatory is overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence.***

Plaintiff needs this information to properly investigate the training that Acadian ambulance drivers receive (or don't receive) and whether there is a history of hiring unsafe drivers and/or a failure to properly train their drivers.

**B.  Requests for Production to Acadian Ambulance Services**

On the same day as Plaintiff's Interrogatories, Plaintiff also served her First Requests for Production onto Defendant Acadian Ambulance Services.  Defendant's Responses to the Requests were also inadequate with repetitive, baseless, boilerplate objections to several of the requests. Specifically, Defendant Acadian Ambulance's response to the following request was inadequate and must be compelled.

*REQUEST FOR PRODUCTION NO. 4:*

*All video depicting the interior and exterior of your vehicle during at least the hour before and after the collision at issue in this collision.*

**RESPONSE:  See responsive video identified by Bates label as DEFENDANTS 000153.**

The request was for the hour prior to, and after, the collision and Defendant did not object to the scope of the request.  Furthermore, prior to filing suit, Plaintiff sent a document retention letter specifically directing Defendant to retain "*all video depicting the interior and exterior of your vehicle during at least the 20 minutes before and 20 minutes after this collision.*"[1]  So, Defendant should have retained the requested video footage, yet they produced only 20 seconds of the requested video.  They should be compelled to produce the remainder of the video.

\* \* \*

*REQUEST FOR PRODUCTION NO. 7:  A copy of ROBERT GUERRA's post-accident urinalysis and/or blood testing policy.*

**RESPONSE: Defendant is conducting a diligent search for responsive documents and will supplement to the extent warranted.**

*REQUEST FOR PRODUCTION NO. 8:  A copy of the results of any post-accident urinalysis and/or blood testing conducted on ROBERT GUERRA subsequent to the incident made the basis of this lawsuit.*

**RESPONSE: Defendant is conducting a diligent search for responsive documents and will supplement to the extent warranted.**

---

[1] *See* 06/11/21 Pre-Suit Document Retention Notice, attached hereto at Exhibit B.

Defendant has not produced the policy nor the results of Defendant's post-accident drug testing.

* * *

The incident report produced by Defendant in this case, indicates that Defendant's driver was "not following the fatigue management procedure" at the time of the collision.[2] Obviously, Plaintiff has requested information related to Defendant Guerra's mental status and Defendant Acadian's "fatigue management procedure," and policies and/or training (if any) to prevent overworked/fatigued drivers, through **Requests for Production Nos. 33, 34, 36, 38, 39, 44 and 53**. Defendant has failed to produce any of the relevant, requested documents. Instead, Defendant lodged the same, boilerplate objections. Plaintiff requests that the objections be overruled, and that the Defendant be ordered to produce the above-requested documents.

**D. Opportunity to Cure**

Prior to filing this Motion, Defendant was given notice of the above deficiencies and an opportunity to cure. Defendant failed to do so, which required the filing of this Motion.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that, upon hearing hereof, that the Court overrule Defendant's objections and Order Defendant to fully respond to Plaintiff's First Set of Interrogatories and Requests for Production within 7 days. Plaintiff further requests that the Court award Plaintiff reasonable attorney's fees of $1,200.00 (payable within 10 days) and for such further relief to which Plaintiff may be entitled.

[2] *See* Incident Report produced by Defendant and attached hereto at Exhibit C.

Respectfully submitted,

**DE LEON LAW OFFICE**
219 N. Alamo St., Suite 300
San Antonio, Texas 78205
Telephone:     (210) 684-4433
Facsimile:      (210) 247-9631
E-mail: eric@deleonlawoffice.com

*G. Eric De Leon*

GILBERT ERIC DE LEON
State Bar No: 24045763

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that I have previously conferred with Defendants' Counsel and provided them with the opportunity to cure the discovery deficiencies described in this Motion without a hearing.

*G. Eric De Leon*

GILBERT ERIC DE LEON

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 22nd day of October 2022, I provided a copy of the foregoing to Defendant via e-mail in accordance with TRCP 21a.

GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH
Mark R. Pharr, III; tiger@gallowaylawfirm.com
Berenice Medellín Pruettiangkura; bmedellin@gallowaylawfirm.com
14643 Dallas Parkway, Suite 635
Dallas, Texas 75254
Telephone: (214) 545-6389
Fax: (214) 442-7973

ATTORNEYS FOR DEFENDANTS

*G. Eric De Leon*

Gilbert Eric De Leon

CAUSE NO. CVW2200265

| | | |
|---|---|---|
| BRANDY KOSUB, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | WILSON COUNTY, TEXAS |
| ROBERT TAIYO GUERRA AND | § | |
| ACADIAN AMBULANCE SERVICE, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | 81ST JUDICIAL DISTRICT |

**DEFENDANT ACADIAN AMBULANCE SERVICE, INC.'S
RESPONSES AND OBJECTIONS TO
PLAINTIFF'S INTERROGATORIES AND REQUESTS FOR PRODUCTION**

TO:    Brandy Kosub, by and through her attorneys of record, Gilbert Eric De Leon, De Leon Law Office, 219 North Alamo Street, Suite 300, San Antonio, TX 78205

      Pursuant to the Texas Rules of Civil Procedure, Defendant Acadian Ambulance Service, Inc. serves its objections and answers to Plaintiff Brandy Kosub's Interrogatories and Requests for Production.

          Respectfully submitted by,

          GALLOWAY, JOHNSON, TOMPKINS
           BURR & SMITH

          */s/ Berenice Medellín Pruettiangkura*
          Mark R. Pharr, III
           State Bar No. 15898950
           tiger@gallowaylawfirm.com
          Berenice Medellín Pruettiangkura
           State Bar No. 24088746
           bmedellin@gallowaylawfirm.com
          14643 Dallas Parkway, Suite 635
          Dallas, Texas 75254
          Telephone: (214) 545-6389
          Fax: (214) 442-7973

          **ATTORNEYS FOR DEFENDANTS**

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, facsimile, certified mail return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 20th day of September, 2022, as follows:

***Via E-Service***
Gilbert Eric De Leon
De Leon Law Office
219 North Alamo Street, Suite 300
San Antonio, TX  78205


                                         */s/ Berenice Medellín Pruettiangkura*
                                         Mark R. Pharr, III
                                         Berenice Medellín Pruettiangkura

## PLAINTIFF'S INTERROGATORIES TO DEFENDANT
## ACADIAN AMBULANCE SERVICES, INC

1.    Please identify the person answering these interrogatories by giving your full name, date of birth, social security number, present residence address, current employer, driver's license number, occupation, and telephone number.

**ANSWER:    These answers constitute corporate responses and, as such, are not based upon the individual personal knowledge of a particular person, but instead are based upon information obtained by employees of Defendant as well as information obtained by or through Defendant's attorneys. Counsel for Defendant assisted in the preparation of these answers.**

2.    Please identify as specifically as possible each and every lawsuit filed by or against you in the previous 10 years stating the party or entity against whom suit was filed, together with the style, cause number and court in which such lawsuit was filed in which you were or are a party, other than this present lawsuit.

**ANSWER:    Defendant objects because this discovery request is overly broad, unduly burdensome, vague, ambiguous, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence.**

3.    Please identify all factors which you contend cause(d) the collision with Brandy Kosub.

**ANSWER:    Defendant objects to the extent the term "factors" is vague and ambiguous. Defendant also objects to this discovery request because it is overly broad, calls for a narrative response, and constitutes an improper attempt to limit Defendant's trial testimony and evidence. Pursuant to Texas Rules of Civil Procedure 194.2(c) and 197.1, a party need not marshal all evidence that may be offered at trial. Defendant further objects because this request is premature as discovery is in its initial stages.**

4.    Identify all persons and/or entities that you believe have knowledge of any facts relevant to any of the following categories (answer separately for each category):

(a)    Persons seeing and/or hearing the collision made the basis of this suit;

(b)    Any other persons who were at the scene of the collision made the basis of this suit immediately prior to the collision or during the investigation and clean-up following the collision;

(c)    Any other persons not listed above who have knowledge of facts leading up to or subsequent to the collision made the basis of this suit that provide information as to the manner of the collision or the reasons therefore;

      (d)     Any persons having knowledge of the condition of the ACADIAN AMBULANCE SERVICES, LLC truck immediately prior to the collision made the basis of this suit;

      (e)     Any persons having knowledge of the condition of the ACADIAN AMBULANCE SERVICES, LLC truck immediately following the collision made the basis of this suit, through and including the present time;

      (f)     Any persons having knowledge of the condition of the ACADIAN AMBULANCE SERVICES, LLC truck at or immediately prior to the collision made the basis of this suit;

      (g)     Any persons having knowledge of the condition of the ACADIAN AMBULANCE SERVICES, LLC truck immediately following the collision made the basis of this suit, through and including the present time;

      (h)     Persons having knowledge of the record-keeping practices of your company with respect to driver personnel records, including disciplinary actions against drivers, driver log books, vehicle inspection reports and per-trip sheets, bills of lading, driver attendance at company-sponsored safety meetings, collisions involving persons driving for ACADIAN AMBULANCE SERVICES, LLC;

      (i)     Any persons having knowledge of the physical and/or emotional condition of ROBERT GUERRA and/or the Plaintiff either before and/or after the time of the collision made the basis of this suit (including identification of any investigators and/or similar persons employed by you to observe the Plaintiff, and/or the identification of any persons who have been located by your investigators whom you believe to have knowledge of the Plaintiff and/or of his emotional condition).

You may exclude from your answers to this interrogatory:

      (1)     Expert witnesses whom you have identified who gained their knowledge of facts relevant to this lawsuit solely by virtue of their retention as experts in this case;

      (2)     Counsel of record and their employees who gained their knowledge of facts relevant to this lawsuit solely by virtue of their representation, and who will not be called to testify at trial.

For each of such persons who are past and/or current employees of your company, please state all dates of employment, positions in your company, and the general subject matter and/or area of knowledge that such person possesses.

**ANSWER**:    **Defendant objects to this discovery request because it is overly broad, calls for a narrative response, and constitutes an improper attempt to limit Defendant's trial**

testimony and evidence. Pursuant to Texas Rules of Civil Procedure 194.2(c) and 197.1, a party need not marshal all evidence that may be offered at trial.

**Subject to, and without waiving the foregoing objections, Defendant Robert Taiyo Guerra, his partner Gerson Rosa, patient Adam Rosales, and his wife, Paula Rosales, were all riding the ambulance in question at the time of the incident.**

5.    State the telephone number of all company issued mobile phones in the vehicle driven by ROBERT GUERRA at the time of the collision. Please also include the name of the carrier and the account number for each mobile phone number.

**ANSWER:    None.**

6.    Identify the factual basis for your contention that the occurrence in question, as well as the damages complained of, were proximately caused or producingly caused, in whole or in part, by the acts, omissions, fault, negligence, or other conduct of third parties, persons, or entities over whom Defendants had no right of control nor for whom Defendants was legally responsible.

**ANSWER:    Defendant also objects to this discovery request because it is overly broad, calls for a narrative response, and constitutes an improper attempt to limit Defendant's trial testimony and evidence. Pursuant to Texas Rules of Civil Procedure 194.2(c) and 197.1, a party need not marshal all evidence that may be offered at trial. Defendant further objects because this request is premature as discovery is in its initial stages.**

7.    Identify the factual basis for your contention that you are entitled to a reduction for the negligence, liability, fault, or other conduct attributable to any other party, individual, or entity in accordance with the Doctrine of Comparative Fault as enunciated by the Supreme Court of the State of Texas.

**ANSWER:    Defendant also objects to this discovery request because it is overly broad, calls for a narrative response, and constitutes an improper attempt to limit Defendant's trial testimony and evidence. Pursuant to Texas Rules of Civil Procedure 194.2(c) and 197.1, a party need not marshal all evidence that may be offered at trial. Defendant further objects because this request is premature as discovery is in its initial stages.**

8.    Identify the factual basis for your contention that the injuries and/or damages allegedly sustained by Plaintiff were caused, in whole or in part, by prior or subsequent medical problems, injuries, conditions or accidents involving or pertaining to Plaintiff.

**ANSWER:    Defendant also objects to this discovery request because it is overly broad, calls for a narrative response, and constitutes an improper attempt to limit Defendant's trial testimony and evidence. Pursuant to Texas Rules of Civil Procedure 194.2(c) and 197.1, a party need not marshal all evidence that may be offered at trial. Defendant further objects because this request is premature as discovery is in its initial stages.**

9.     Identify the factual basis for your contention that Plaintiff failed to mitigate her injuries and damages, as would have been done by a reasonable and prudent person; Plaintiff's failure to mitigate her injuries and damages proximately caused or at least contributed to her claimed injuries and damages.

**ANSWER:    Defendant also objects to this discovery request because it is overly broad, calls for a narrative response, and constitutes an improper attempt to limit Defendant's trial testimony and evidence. Pursuant to Texas Rules of Civil Procedure 194.2(c) and 197.1, a party need not marshal all evidence that may be offered at trial. Defendant further objects because this request is premature as discovery is in its initial stages.**

10. Identify all persons (including, but not limited to, police and other federal, state, and local governmental agencies) who investigated the collision made the basis of this suit stating the date of each investigation and describe each document" and/or tangible thing that refers or relates to any such investigation.

**ANSWER**:    **Defendant objects to this discovery request because it is overly broad, calls for a narrative response, and constitutes an improper attempt to limit Defendant's trial testimony and evidence. Pursuant to Texas Rules of Civil Procedure 194.2(c) and 197.1, a party need not marshal all evidence that may be offered at trial.**

11. Do you claim that Brandy Kosub was negligent in a way that was a proximate cause of the injuries or damages made the basis of this suit? If so, name the person claimed to have been negligent, describe the act and effect of each such act of negligence alleged, and identify all persons with knowledge of facts supporting such claim.

**ANSWER:    Defendant further objects because this request is premature as discovery is in its initial stages. Pursuant to Texas Rules of Civil Procedure 194.2(c) and 197.1, a party need not marshal all evidence that may be offered at trial.**

12. Please fully describe any and all communications between you and ROBERT GUERRA on or about May 21, 2021, regarding this collision and identify all those who communicated with ROBERT GUERRA, and/or ACADIAN AMBULANCE SERVICES, LLC, for each of your employees identified, please provide his/her position or title with your company.

**ANSWER:    Please see incident report describing the communications on May 21, 2021, identified by Bates label as DEFENDANTS 00000008 – 000011 and the Employee Counseling/Discipline Notice identified by Bates label as DEFENDANTS 000098.**

13. Identify the employee(s) of ACADIAN AMBULANCE SERVICES, LLC having the most knowledge of the following subjects. For each person identified, give his/her position with ACADIAN AMBULANCE SERVICES, LLC

    (a)    Compliance with company fleet vehicle policies and procedures;
    (b)    Investigations of collisions involving ACADIAN AMBULANCE SERVICES, LLC's employees and vehicles;

       (c)     ACADIAN AMBULANCE SERVICES, LLC's policies and procedures on hiring and retaining drivers who will be required to operate a company vehicle;

       (d)     ACADIAN AMBULANCE SERVICES, LLC's Driver training and safety program.

**<u>ANSWER</u>:    Defendant objects to this discovery request because it is overly broad, vague, and ambiguous, and not limited in time and scope.**

14.     Have you ever been a party to any other lawsuit, filed on or before May 21, 2021, in which it was claimed or alleged that a person was killed or injured as a result of a collision in which a vehicle driven for ACADIAN AMBULANCE SERVICES, LLC was involved? If so, for each such lawsuit, give the style and cause number and court filed in, the name(s), address(es), and phone number(s) of the attorney(s) for the injured party(ies), the date the lawsuit was filed, the date it was concluded, and the full citation to any court reported decision rendered in regard to such case.

**<u>ANSWER</u>:    Defendant objects because this Interrogatory is overly broad, unduly burdensome, vague, ambiguous, irrelevant, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence.**

15.     Was ROBERT GUERRA employed by you, at the time of the incident made the basis of this suit? If so please state the following:

    a.     Date hired;
    b.     Job title;
    c.     Job duties and responsibilities;
    d.     Immediate supervisor;
    e.     Date of termination;
    f.     Reason for termination of employment.

**<u>ANSWER</u>:    Yes. Robert Guerra was hired on November 2, 2020, as an Emergency Medical Technician (EMT).  At the time of the incident, his supervisor was Jennifer Gonzales. Defendant objects to the extent the term "termination" is vague and ambiguous.**

16.     Please list all traffic accidents that ROBERT GUERRA has been involved in of which you are aware, including the location, city, county, state, and any violations for which he was cited in connection with any such traffic accidents.

**<u>ANSWER</u>:    Defendant is only aware of the incident in question.**

17.     Please give a description of all traffic violations for which ROBERT GUERRA has been cited of which you are aware, including the date, city, county, state, offense alleged and ultimate disposition of each such citation.

**<u>ANSWER</u>:    Defendant is only aware of the traffic violation resulting from the incident in question.**

18.    With respect to collisions or accidents involving one of your trucks and/or a driver employed by you or under contract with you please state:

a.    When the driver is required to make a report and to whom;
b.    A description of any written report required to be made by any person with your company and the driver;
c.    Where and in whose custody such reports are kept;
d.    When the driver must submit for a drug test by giving a urine sample; and,
e.    When such report must be reported to the federal government;

**<u>ANSWER</u>:    Defendant objects to this discovery request because it is overly broad, calls for a narrative response, is vague and ambiguous, and not limited in time and scope.**

19.    With respect to the collision in question please state:

a.    If a report of any kind was made and, if so, by whom and to whom;
b.    If a written report of any kind was made, and if so, by whom and to whom;
c.    Where and whose custody such a written report is located;
d.    Whether the driver in this case submitted to a urine test or other drug detection test, and if so the results of such test; and,
e.    Whether any report was made to the federal government or other governmental authorities relating to the collision in question.

**<u>ANSWER</u>:    See Incident Report previously produced identified by Bates labels as DEFENDANTS 00000008 – 000011.**

20.    Has ROBERT GUERRA given a statement to you, any of your employees or agents, or your insurance carrier or their employees concerning the facts and circumstances of the collision made the basis of this lawsuit. The term "statement" shall be defined according to Rule 192.3 (h) of the Texas Rules of Civil Procedure.

**<u>ANSWER</u>:    See Incident Report previously produced identified by Bates labels as DEFENDANTS 00000008 – 000011.**

**RESPONSES AND OBJECTIONS TO PLAINTIFF'S REQUEST FOR PRODUCTION
TO DEFENDANT ACADIAN AMBULANCE SERVICES, INC**

**REQUEST FOR PRODUCTION NO. 1:**

The entire personnel file, driver qualification file, driver file, disciplinary file, and all personnel-related documents for ROBERT GUERRA.

**RESPONSE:** **Defendant objects because this Request is harassing, vague, ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this interrogatory as it amounts to an unfair fishing expedition. Subject to and without waiving the foregoing objections, see responsive documents identified by Bates label as DEFENDANTS 000035 – 000151.**

**REQUEST FOR PRODUCTION NO. 2:**

A copy of the driver's qualification file pertaining to ROBERT GUERRA, including but not limited to the following:

a.    check sheet for drivers' forms;
b.    application for employment;
c.    employment eligibility verification;
d.    request for check of driving record;
e.    record and certificate of a road test;
f.    written examination and certificate;
g.    answers to written examination;
h.    driver's physical examination;
i.    controlled substance test results;
j.    record of violations;
k.    response to each State agency to the annual driver record inquiry;
l.    notes relating to the annual review of the driver's record;
m.    notice of any disqualification.

**RESPONSE:** **See response to Request No. 1.**

**REQUEST FOR PRODUCTION NO. 3:**

A copy of all driver's records pertaining to Defendant ROBERT GUERRA.

**RESPONSE:** **Defendant objects to this Request to the extent it is vague and ambiguous as to the phrase "driver's records."**

**REQUEST FOR PRODUCTION NO. 4:**

All video depicting the interior and exterior of your vehicle during at least the hour before and after the collision at issue in this collision.

**RESPONSE:  See responsive video identified by Bates label as DEFENDANTS 000153.**

**REQUEST FOR PRODUCTION NO. 5:**

A copy of all criminal background checks pertaining to ROBERT GUERRA made as a part of the hiring process or at any time subsequent to his employment.

**RESPONSE:  See response to Request No. 1.**

**REQUEST FOR PRODUCTION NO. 6:**

Please produce a copy of any and all of ROBERT GUERRA's worker's compensation records while employed with Acadian Ambulance Services, LLC.

**RESPONSE: Defendant objects because this discovery request is harassing, vague, ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition. Subject to and without waiving the foregoing objections, none in Defendant's possession.**

**REQUEST FOR PRODUCTION NO. 7:**

A copy of ROBERT GUERRA's post-accident urinalysis and/or blood testing policy.

**RESPONSE: Defendant is conducting a diligent search for responsive documents and will supplement to the extent warranted.**

**REQUEST FOR PRODUCTION NO. 8:**

A copy of the results of any post-accident urinalysis and/or blood testing conducted on ROBERT GUERRA subsequent to the incident made the basis of this lawsuit.

**RESPONSE: Defendant is conducting a diligent search for responsive documents and will supplement to the extent warranted.**

**REQUEST FOR PRODUCTION NO. 9:**

All documentation, medical records or other papers reflecting the physical examination of ROBERT GUERRA.

**RESPONSE:  None in Defendant's possession.**

**REQUEST FOR PRODUCTION NO. 10:**

All documents pertinent to any disciplinary actions, measures, points assessed, or the like pertaining to the incident in question and/or ROBERT GUERRA.

**RESPONSE: See responsive document identified by Bates labels as DEFENDANTS 000098.**

**REQUEST FOR PRODUCTION NO. 11:**

All documents pertaining to any point system or driver disciplinary system or the like utilized by ACADIAN AMBULANCE SERVICES, LLC, in effect on the day of the incident.

**RESPONSE: Defendant objects because this discovery request is harassing, vague, ambiguous, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 12:**

All documents pertaining to any arrests of ROBERT GUERRA for felonies or crimes involving moral turpitude for the past preceding ten (10) years up and until the present.

**RESPONSE: Defendant objects because this discovery request is harassing, vague, ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition. Subject to and without waiving the foregoing objections, none in Defendant's possession.**

**REQUEST FOR PRODUCTION NO. 13:**

All documents pertaining to any tickets ROBERT GUERRA has received for moving violations or citations involving violations of local, state or federal regulations.

**RESPONSE: See responsive document identified by Bates label as DEFENDANTS 000152.**

**REQUEST FOR PRODUCTION NO. 14:**

All documents pertaining to any previous claims, lawsuits, accidents, reportable incidents or the like pertinent to ROBERT GUERRA.

**RESPONSE: Defendant objects because this discovery request is harassing, vague, ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant**

also objects because this discovery request as it amounts to an unfair fishing expedition. Subject to and without waiving the foregoing objections, none in Defendant's possession.

**REQUEST FOR PRODUCTION NO. 15:**

All documents pertinent to or related to any investigation or inquiry into the accident in question.

**RESPONSE: See Incident Report previously produced identified by Bates labels as DEFENDANTS 00000008 – 000011.**

**REQUEST FOR PRODUCTION NO. 16:**

If ROBERT GUERRA has subsequently been terminated, all documents pertaining to ROBERT GUERRA's termination, including post-employment evaluations, any internal documents discussing the termination or the reason for the termination and any unemployment records ROBERT GUERRA has filed in order to receive unemployment benefits.

**RESPONSE: Defendant objects to the extent the term "terminated" is vague and ambiguous. Defendant objects because this discovery request is harassing, vague, ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 17:**

Any report listing any defect or deficiency that might affect the safety of the vehicle involved in the incident in question.

**RESPONSE: None in Defendant's possession.**

**REQUEST FOR PRODUCTION NO. 18:**

Documents, records, reports, videos, photographs, diagrams, sketches testing, analysis and other related documents supporting any defense or affirmative defense assert by the defendants, including those defenses asserted in defendants' original answer.

**RESPONSE: Defendant objects to this discovery request as calling for core work product by asking what this Defendant intends to use at trial. Further, Defendant objects to the extent this discovery request is premature and Defendant will provide its exhibit list in accordance with the Court's Docket Control Order and/or Pre-Trial deadlines.**

**REQUEST FOR PRODUCTION NO. 19:**

Copies of all accident reports filed or completed by the driver in question or of anyone else related to the incident in question.

**RESPONSE: See Incident Report previously produced identified by Bates labels as DEFENDANTS 00000008 – 000011.**

**REQUEST FOR PRODUCTION NO. 20:**

Copies of all unprivileged incident, accident or other reports regarding the incident made the basis of this lawsuit, including, but not limited to, reports prepared by or on behalf of Defendant, reports made by the Defendant's employer or employers, the Defendant's insurers or any governmental agency whether federal, state or local.

**RESPONSE: See Incident Report previously produced identified by Bates labels as DEFENDANTS 00000008 – 000011.**

**REQUEST FOR PRODUCTION NO. 21:**

All maps, surveys, diagrams, notes or other documents that show the scene of the occurrence made the basis of this suit.

**RESPONSE: See Incident Report previously produced identified by Bates labels as DEFENDANTS 00000008 – 000011. See also Police Report identified by Bates labels as DEFENDANTS 00000012 – 000014.**

**REQUEST FOR PRODUCTION NO. 22:**

All documents pertaining to, showing, evidencing, consisting of or related to any notice of the incident in question to any insurer, employer(s), or federal, state or local governmental agency.

**RESPONSE: Defendant objects because this discovery request is harassing, vague, ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 23:**

All documents pertaining to any ticket, sanctions, citation, fines, penalties or the like pertaining to or arising from the incident in question.

**RESPONSE: See response to Request No. 13.**

**REQUEST FOR PRODUCTION NO. 24**

All written or oral statements, recorded or unrecorded, made by the Plaintiff, and/or Defendant (including the Plaintiff's and/or Defendant's agents, representatives, and employees), concerning this action or its subject matter in the possession, custody or control of Defendant, Defendant's representatives, agents and attorneys, stenographic, mechanical, electrical or other

recording or transcription thereof which is a substantial verbatim recital of a statement made by Plaintiff and/or Defendant and contemporaneously recorded.

**RESPONSE: See Incident Report previously produced identified by Bates labels as DEFENDANTS 00000008 – 000011.**

**REQUEST FOR PRODUCTION NO. 25:**

All documents that show the identity of any witness to the occurrence made the basis of this suit or any other person with knowledge of relevant facts concerning the occurrence made the basis of this suit, the events leading up to it or any damages sustained by Plaintiff.

**RESPONSE: See Incident Report previously produced identified by Bates labels as DEFENDANTS 00000008 – 000011. See also Police Report identified by Bates labels as DEFENDANTS 00000012 – 000014.**

**REQUEST FOR PRODUCTION NO. 26:**

Complete and legible photocopies of all statements taken by you, or someone on your behalf, from witnesses and persons with knowledge of relevant facts.

**RESPONSE: See Incident Report previously produced identified by Bates labels as DEFENDANTS 00000008 – 000011.**

**REQUEST FOR PRODUCTION NO. 27:**

Any and all corporate organization charts or other documents sufficient to determine the corporate organization of Defendant.

**RESPONSE: Defendant objects because this discovery request is harassing, vague, ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 28:**

All photographs, slides, videotapes, films, motion pictures, negatives, movies, sketches, drawings or maps which purport to show the scene of this incident made the basis of this lawsuit or which purport to depict any of the injuries suffered by you as a result of the incident made the basis of this suit.

**RESPONSE: See Incident Report previously produced identified by Bates labels as DEFENDANTS 00000008 – 000011. Defendant does not contend it suffered any injuries resulting from the incident.**

**REQUEST FOR PRODUCTION NO. 29**

Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiff by the Defendant, or anyone acting on Defendant's behalf, including complete and legible transcripts.

**RESPONSE:  None in Defendant's possession.**

**REQUEST FOR PRODUCTION NO. 30:**

All documents pertaining to all accidents sustained by the Defendant, in the past five (5) years prior to the date of the incident made the basis of this lawsuit. Including, incident reports, accident reports, Texas Department of Public Safety crash records, and witness statements.

**RESPONSE: Defendant objects to the term "sustained" as vague and ambiguous. Defendant cannot properly answer this request as written.**

**REQUEST FOR PRODUCTION NO. 31:**

Please produce a copy of the records made by any recording device, if the ACADIAN AMBULANCE SERVICES, LLC vehicle involved in this accident was equipped with any recording device, for recording speed, time and/or engine revolutions per minute.

**RESPONSE:  See responsive video identified by Bates label as DEFENDANTS 000153.**

**REQUEST FOR PRODUCTION NO. 32:**

Please produce any and all maintenance, repair, and inspection records pertaining to the ACADIAN AMBULANCE SERVICES, LLC, vehicle involved in the accident made the basis of this lawsuit for the period of two (2) years preceding the accident.

**RESPONSE: Defendant objects because this discovery request is harassing, vague, ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 33:**

All-time records, time sheets and/or other documents recording, demonstrating, evidencing, memorializing, or related to the hours worked by the driver of the vehicle in question for the sixty (60) days before and thirty (30) days after the incident in question.

**RESPONSE: Defendant objects because this discovery request is harassing, vague, ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 34:**

All documents consisting of the driver's log and related documents for the sixty (60) days before the accident in question and thirty (30) days thereafter.

**RESPONSE: Defendant objects because this discovery request is harassing, vague and ambiguous as to the phrase "driver's log," unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 35:**

All dispatcher logs, records, entries, messages, communications, or the like pertaining to the trip in question.

**RESPONSE: Defendant objects because this discovery request is harassing, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 36:**

All policies, procedures, manuals, rules, regulations, driver manuals, employee manuals, or the like, in effect at the time of the incident made the basis of this suit.

**RESPONSE: Defendant objects because this discovery request is harassing, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 37:**

Documents evidencing receipt by ROBERT GUERRA of policies, procedures, manuals, rules, regulations, driver manuals, employee manuals, or the like during ROBERT GUERRA's employment.

**RESPONSE: Defendant objects because this discovery request is harassing, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**Subject to, and without waiving the foregoing objections, see response to Request No. 1.**

**REQUEST FOR PRODUCTION NO. 38:**

Please produce a copy of any and all materials from safety programs and/or meetings held by ACADIAN AMBULANCE SERVICES, LLC, related to driving safety. Included in this request are the attendance records from each such meeting from the date of ROBERT GUERRA's hiring to the present.

**RESPONSE: Defendant objects because this discovery request is harassing, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 39:**

Please produce a copy of ACADIAN AMBULANCE SERVICES, LLC's safety program and driver attendance records pertaining to ROBERT GUERRA.

**RESPONSE: Defendant objects because this discovery request is harassing, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 40:**

All documents and records relating to the damage and/or repair to any vehicle

   a.    involved in the collision including, but not limited to, photographs, repair estimates,
   b.    supplemental estimates and salvage reports.

**RESPONSE: Defendant objects because this discovery request is not limited in time and scope, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 41:**

All documents and records relating to the damage and/or repair to any vehicle

   a.    involved in the collision including, but not limited to, photographs, repair estimates,
   b.    supplemental estimates and salvage reports.

**RESPONSE: Defendant objects because this discovery request is overly broad requesting information on "any vehicle," not limited in time and scope, vague and ambiguous, unduly**

burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.

**REQUEST FOR PRODUCTION NO. 42:**

All documents, emails pertinent to any proposed or enacted changes in policies, procedures or the like pertaining to, related to or caused in whole or in part by the incident in question and/or pertinent to any reviewer of any policies/procedures.

**RESPONSE: Defendant objects because this discovery request is overly broad, not limited in time and scope, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 43:**

All training materials, indoctrination materials, orientation materials provided to ROBERT GUERRA at the time of his employment with Defendant.

**RESPONSE: Defendant objects because this discovery request is not limited in time and scope, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 44:**

All driver training and drivers' safety training materials provided to or reviewed by Defendant ROBERT GUERRA, while employed with the Defendant.

**RESPONSE: Defendant objects because this discovery request is not limited in time and scope, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this r discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 45:**

All documents pertaining to hiring/drivers qualifications, standards, criteria or the like in effect at the time ROBERT GUERRA was hired and on the date of the incident made the basis of this suit.

**RESPONSE: Defendant objects because this discovery request is not limited in time and scope, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek**

**information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**Subject to, and without waiving the foregoing objections, Defendant is conducting a diligent search for responsive documents and will supplement to the extent warranted.**

**REQUEST FOR PRODUCTION NO. 46:**

All hiring/firing policies, procedures or the like of ACADIAN AMBULANCE SERVICES, LLC, in effect at the time of the incident.

**RESPONSE: Defendant objects because this discovery request is overly broad, not limited in time and scope, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 47:**

Surveillance photographs and video of Plaintiff, along with all notes, reports or other documents pertaining to the surveillance.

**RESPONSE: Defendant objects to this discovery request because it is overly broad and constitutes an improper attempt to limit Defendant's trial testimony and evidence. Pursuant to Texas Rules of Civil Procedure 194.2(c) and 197.1, a party need not marshal all evidence that may be offered at trial. Defendant further objects because this discovery request is premature as discovery is in its initial stages.**

**REQUEST FOR PRODUCTION NO. 48:**

All documents pertinent to the settlement of or payment of any property damage or the like related to the incident in question.

**RESPONSE: See Defendant's disclosures.**

**REQUEST FOR PRODUCTION NO. 49:**

All documents including notice letters, correspondence, emails or the like to, from, between your insurer or insurance agent/broker and/or related to issuance and the incident in question.

**RESPONSE: Defendant objects because this discovery request is overly broad, not limited in time and scope, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of**

admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.

**REQUEST FOR PRODUCTION NO. 50:**

All documents, correspondence, email or the like pertinent to, consisting of or related to insurance coverage for the incident in question or any reservation of rights.

**RESPONSE: Defendant objects because this discovery request is overly broad, not limited in time and scope, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 51:**

All documents pertaining to any indemnity provision/agreement and the like and related to the incident in question.

**RESPONSE: See Defendant's disclosures.**

**REQUEST FOR PRODUCTION NO. 52:**

All correspondence (including emails) between any ACADIAN AMBULANCE representative and ROBERT GUERRA which references or mentions: 1) Plaintiff or 2) any aspect of the collision at issue in this lawsuit since May 21, 2021.

**RESPONSE: None in Defendant's possession.**

**REQUEST FOR PRODUCTION NO. 53:**

All board computer records that monitor the vehicle made the subject of this suit, which show GPS records, speed records, location of the vehicle, route traveled, detours, average speed and time stopped.

**RESPONSE: Defendant objects because this discovery request is overly broad, not limited in time and scope, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 54:**

All driving records of ROBERT GUERRA maintained pursuant to local, state or federal regulation.

20

**RESPONSE:** **Defendant objects because this discovery request is overly broad, not limited in time and scope, vague and ambiguous as to the phrase "driving records," unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 55:**

All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims made by you as a result of this incident.

**RESPONSE:** **Defendant objects because this discovery request is overly broad, not limited in time and scope, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 56:**

With regard to any experts used for consultation and who are not to be called to testify on your behalf, the following material is requested to be produced, if the consulting expert's opinions or impressions have been reviewed by a testifying experts:

      b.      The reports of such consulting experts, as well as all documents, correspondence, notations, compilations of data, physical models, papers, drawings, graphs, charts, photographs, and any and all tangible things concerning the mental impressions and opinions held by said consulting experts, and the facts known to said experts, as well as all written memoranda, notes, correspondence and documents contained within the file of such experts;

      c.      A complete copy of each testifying expert's file relating to this lawsuit; and

      d.      All documents and records, including expert's reports, with regard to the causation of the occurrence made the basis for this suit.

**RESPONSE:** **Defendant objects because this discovery request is overly broad, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

**REQUEST FOR PRODUCTION NO. 57:**

All documents and records, including expert's reports, with regard to the medical condition of the Plaintiff excluding any documents and records provided by Plaintiff.

**RESPONSE**: **Defendant objects to the extent this discovery request is premature and Defendant will provide its expert designations and files in accordance with the Court's Docket Control Order and/or Pre-Trial deadlines.**

**REQUEST FOR PRODUCTION NO. 58:**

All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards which you contend or will contend at trial were violated by the Plaintiff.

**RESPONSE**: **Defendant objects to this discovery request as calling for core work product by asking what this Defendant intends to use at trial. Further, Defendant objects to the extent this discovery request is premature. Defendant will supplement to the extent warranted.**

**REQUEST FOR PRODUCTION NO. 59:**

All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

**RESPONSE**: **Defendant objects to this discovery request as calling for core work product by asking what this Defendant intends to use at trial. Further, Defendant objects to the extent this discovery request is premature. Defendant will supplement to the extent warranted.**

**REQUEST FOR PRODUCTION NO. 60:**

All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, and ordinances that any of your testifying experts claim to be a reliable authority which may be used at the time of trial.

**RESPONSE**: **Defendant objects to the extent this discovery request is premature and Defendant will provide its expert designations and files in accordance with the Court's Docket Control Order and/or Pre-Trial deadlines.**

**REQUEST FOR PRODUCTION NO. 61:**

All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, and ordinances that any of your testifying experts rely upon to support their opinions and mental impressions.

**RESPONSE**: **Defendant objects to the extent this discovery request is premature and Defendant will provide its expert designations and files in accordance with the Court's Docket Control Order and/or Pre-Trial deadlines.**

**REQUEST FOR PRODUCTION NO. 62:**

All cell phone records for ROBERT GUERRA from the day of the incident at issue in this lawsuit.

**RESPONSE: None in Defendant's possession.**

**REQUEST FOR PRODUCTION NO. 63:**

Copies of all records you have obtained by Subpoena, Deposition on Written Questions and/or affidavit in any way related to the incident made the basis of this suit.

**RESPONSE: None in Defendant's possession.**

**REQUEST FOR PRODUCTION NO. 64:**

All documents indicating the names, residences and titles of the Defendant's corporate directors, officers, and registered agents for the period 2011 through present.

**RESPONSE: Defendant objects because this discovery request is overly broad, vague and ambiguous, unduly burdensome, and not narrowly tailored to seek information which is relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendant also objects because this discovery request as it amounts to an unfair fishing expedition.**

# DE LEON LAW OFFICE

**Arevalo Alamo Bldg. ▪ 219 N. Alamo St., Ste. 300 ▪ San Antonio, Texas 78205**
**Phone: 210-684-4433 ▪ Fax: 210-247-9631 ▪ eric@deleonlawoffice.com**

June 12, 2021

Attn: Legal Dept.                                                                    via CM-RRR
Arcadian Ambulance                                                                  and E-mail
105 Auditorium Cir.
San Antonio, TX 78205

       **Re:    Notice to Preserve Evidence and Letter of Representation for Brandy Kosub**

       My Client:                        Brandy Kosub
       Loss Date:                        May 21, 2021

**To Whom it May Concern:**

We have been retained to assist Ms. Brandy Kosub in making a personal injury claim for the injuries that she suffered on the above date.  As you know, one of your ambulances slammed into Ms. Kosub sending her car flying and causing extensive damage to the vehicle and severe injuries to Ms. Kosub.

Our client is currently receiving treatment for the injuries that she suffered.  Once she has completed her treatment, I will be submitting a demand packet to you for consideration and payment.

**In the meantime, please preserve all evidence regarding this matter – especially all video depicting the interior and exterior of your vehicle during at least the 20 minutes before and 20 minutes after this collision.  Your failure to do so will likely result in a spoliation instruction at trial.**

Very Truly Yours,

*Eric D. Leon*

Gilbert Eric De Leon



### Employee Counseling / Discipline Notice

| | |
|---|---|
| **Employee Name** | Robert Guerra |
| **Date of Violation** | 5/21/2021 |
| **Department Code** | 103 |
| **Employee #** | ▆ |

**Nature of Incident:**

| | | | |
|---|---|---|---|
| ☐ Outcome Duty | ☐ Repetitive Human Errors | | |
| ☒ Procedural Rule Duty | ☐ Repetitive At-Risk Behaviors | | |
| ☐ Duty to Prevent Unjustified Risk / Harm | ☐ Reckless Behavior | | |
| | ☐ Other: Conversation on file | | |

**Type of Notice:**

- ☐ Verbal Counseling
- ☐ Written Counseling
- ☒ Disciplinary Suspension from Employment Without Pay
- ☐ Termination of Employment

### Company Remarks

Robert (Robbie) was involved in a preventable vehicle incident on 5/21/2021. Smart Drive video revealed that he closed his eyes and shook his head  this caused him to  take his focus off of the road. The ambulance went into the opposite lane causing a significant crash. Robbie mentioned that he did not recall what happened until he saw the video.

### Employee Remarks

### Action to be taken:

1) Robbie is receiving a WCN for not following the fatigue management procedure.

2) Robbie will be receiving a single say suspension for not following the above procedure.

3) Future failures to follow a procedure rule may result in increased disciplinary action up to termination of employment.

I have read this statement and understand it.

**Employee Signature** _____    Date 6/7/2021

**Company Representative** _____    Date 06/07/2021

Steven Cope
Operations Manager

DEFENDANTS 000098

Filed
2/55/2022 11:34 AM
Deborah Bryan
Wilson County
District Clerk

CAUSE NO. CVW2200265

| | | |
|---|---|---|
| BRANDY KOSUB, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | WILSON COUNTY, TEXAS |
| ROBERT TAIYO GUERRA AND | § | |
| ACADIAN AMBULANCE SERVICE, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | 81ST JUDICIAL DISTRICT |

## ACADIAN AMBULANCE SERVICE, INC.'S
## MOTION TO BIFURCATE TRIAL

COMES NOW, ACADIAN AMBULANCE SERVICE, INC. ("Acadian") and files this Motion to Bifurcate Trial pursuant to Texas Civil Practice & Remedies Code section 72.052 to bifurcate the trial into separate compensatory damages and exemplary damages phases in this action involving a commercial-motor-vehicle accident. In support thereof, Defendant Acadian would respectfully show unto this Honorable Court as follows:

### I.    FACTUAL BACKGROUND

1.    On May 21, 2021, while traveling on US 87 in Wilson County, Texas, Plaintiff Brandy Kosub ("Plaintiff") and Defendant Robert Taiyo Guerra ("Guerra") were involved in a motor vehicle accident. Specifically, Defendant Guerra's vehicle collided with Plaintiff's vehicle (the "Incident").

2.    At the time of the Incident, Defendant Guerra drove a company vehicle for his employer Defendant Acadian. Defendant Guerra was in the process of completing a patient transport; therefore, at the time of the Incident, he was acting within the course and scope of his employment with Acadian.

1

Filed
Deborah Bryan
Wilson County
District Clerk

3.      Plaintiff alleges she suffered injuries from the Incident.

4.      On May 27, 2022, Plaintiff filed suit against Acadian and Guerra asserting causes of action under Respondeat Superior/Vicarious Liability, and Negligence and Gross Negligence as to Defendants Guerra and Acadian. Plaintiff seeks damages for past and future medical expenses, physical pain and suffering, mental anguish, physical impairment, physical disfigurement, and loss of earning capacity. Plaintiff also seeks **exemplary damages** and pre-and-post judgment interest.

5.      On June 24, 2022, Defendants filed their Original Answer.

## II.     ARGUMENTS & AUTHORITIES

6.      Pursuant to Sections 72.052 and 72.054 of the Texas Civil Practice and Remedies Code, Defendant Acadian hereby stipulates that at the time of the Incident, Defendant Guerra was an employee of Acadian, acting within the course and scope of his employment.

7.      In accordance with Section 72.052 of the Texas Civil Practice and Remedies Code, Defendant Acadian files this Motion to Bifurcate Trial as allowed under this section. Specifically, Defendant Acadian timely files this Motion on or before the 120th day after the date Acadian filed its original answer.[1]

8.      As a matter of law, having timely filed its Motion to Bifurcate under Section 72.052, the trial for this matter shall be bifurcated into two phases of trial as follows: (1) liability for and the amount of compensatory damages, and (2) liability for and the amount of exemplary damages.[2] Therefore, Plaintiff's claims of direct negligence against Acadian are now mooted by Defendant Acadian's stipulation.[3] Specifically, once the trial is bifurcated on Defendant Acadian's Motion in accordance with Sections 72.052 and 72.054, Plaintiff "may not, in the first

---

[1] TEX. CIV. PRAC. & REM. CODE § 72.052(b)(1).
[2] *Id.* at § 72.052(a) and (c)-(d).
[3] TEX. CIV. PRAC. & REM. CODE § 72.054(b).

Filed
9/9/2022 11:34 AM
Deborah Bryan
Wilson County
District Clerk

phase of the trial, present evidence on an ordinary negligence claim against [Acadian], such as negligent entrustment, that requires a finding by the trier of fact that the employer defendant's employee was negligent in operating a vehicle as a prerequisite to the employer defendant being found negligent in relation to the employee defendant's operation of the vehicle."[4]

### III. CONCLUSION

5.    Defendant Acadian respectfully moves, in a timely manner, for this Honorable Court to bifurcate the trial for this matter. Defendant Acadian makes this respectful request pursuant to Texas Civil Practice & Remedies Code Sections 72.052 and 72.054.

### IV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Acadian Ambulance Service, Inc. respectfully requests that this Honorable Court grant Defendant's Motion to Bifurcate Trial and grant them such other relief at law, and in equity, as is just.

Respectfully submitted by,

GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH

*/s/ Berenice Medellín Pruettiangkura*
Mark R. Pharr, III
  State Bar No. 15898950
  tiger@gallowaylawfirm.com
Berenice Medellín Pruettiangkura
  State Bar No. 24088746
  bmedellin@gallowaylawfirm.com
14643 Dallas Parkway, Suite 635
Dallas, Texas 75254
Telephone: (214) 545-6389
Fax: (214) 442-7973
**ATTORNEYS FOR DEFENDANTS**

---

[4] *Id.*

3

Filed
10/28/2022 11:34 AM
Deborah Bryan
Wilson County
District Clerk

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, facsimile, certified mail return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 24th day of October, 2022, as follows:

***Via E-Service***
Gilbert Eric De Leon
De Leon Law Office
219 North Alamo Street, Suite 300
San Antonio, TX  78205

*/s/ Berenice Medellín Pruettiangkura*
Mark R. Pharr, III
Berenice Medellín Pruettiangkura

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Berenice Medellin
Bar No. 24088746
bmedellin@gallowaylawfirm.com
Envelope ID: 69582487
Status as of 10/26/2022 11:19 AM CST

Associated Case Party: BRANDYKOSUB

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gilbert EricDe Leon | | eric@deleonlawoffice.com | 10/26/2022 11:10:54 AM | SENT |

Associated Case Party:  ROBERTGUERRA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 10/26/2022 11:10:54 AM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 10/26/2022 11:10:54 AM | SENT |
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 10/26/2022 11:10:54 AM | SENT |
| Karen Rivera | | krivera@gallowaylawfirm.com | 10/26/2022 11:10:54 AM | SENT |

Associated Case Party:  INCACADIAN AMBULANCE SERVICE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 10/26/2022 11:10:54 AM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 10/26/2022 11:10:54 AM | SENT |
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 10/26/2022 11:10:54 AM | SENT |
| Karen Rivera | | krivera@gallowaylawfirm.com | 10/26/2022 11:10:54 AM | SENT |

CAUSE NO. CVW2200265

| | | |
|---|---|---|
| BRANDY KOSUB, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | WILSON COUNTY, TEXAS |
| ROBERT TAIYO GUERRA AND | § | |
| ACADIAN AMBULANCE SERVICE, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | 81ST JUDICIAL DISTRICT |

**ORDER GRANTING DEFENDANT ACADIAN AMBULANCE SERVICE, INC.'S MOTION TO BIFURCATE TRIAL**

On this day, the Court heard Defendant Acadian Ambulance Service, Inc.'s Motion to Bifurcate Trial, and having considered the pleadings on file, evidence presented, and arguments of counsel, if any, the Court hereby GRANTS the Motion.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion to Bifurcate Trial is GRANTED.

2. In phase one of the bifurcated trial, the jury shall determine liability for compensatory and the amount of compensatory damages.

3. In phase two of the bifurcated trial, the jury shall determine liability for exemplary damages and the amount of exemplary damages.

4. Plaintiff may not, in the first phase of the trial, present evidence on an ordinary negligence claim against the employer defendant, such as negligent entrustment, that requires a finding by the trier of fact that the employer defendant's employee was negligent in operating a vehicle as a prerequisite to the employer defendant being found negligent in relation to the employee defendant's operation of the vehicle.

5.      Evidence admissible under Subsection (c) of the Texas Civil Practice and

Remedies Code is:

(1) admissible in the first phase of the trial only to prove ordinary negligent

entrustment by the employer defendant to the employee who was driving the

employer defendant's commercial motor vehicle at the time of the accident that is

the subject of the action; and

(2) the only evidence that may be presented by Plaintiff in the first phase of the

trial on the negligent entrustment claim.

SIGNED this ____ day of _____, 2022.


_____

PRESIDING JUDGE

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Shelia Shafer on behalf of Berenice Medellin
Bar No. 24088746
sshafer@gallowaylawfirm.com
Envelope ID: 69529307
Status as of 10/25/2022 10:14 AM CST

Associated Case Party:  ROBERTGUERRA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 10/25/2022 9:07:14 AM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 10/25/2022 9:07:14 AM | SENT |
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 10/25/2022 9:07:14 AM | SENT |
| Karen Rivera | | krivera@gallowaylawfirm.com | 10/25/2022 9:07:14 AM | SENT |

Associated Case Party:  INCACADIAN AMBULANCE SERVICE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 10/25/2022 9:07:14 AM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 10/25/2022 9:07:14 AM | SENT |
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 10/25/2022 9:07:14 AM | SENT |
| Karen Rivera | | krivera@gallowaylawfirm.com | 10/25/2022 9:07:14 AM | SENT |

Associated Case Party: BRANDYKOSUB

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gilbert EricDe Leon | | eric@deleonlawoffice.com | 10/25/2022 9:07:14 AM | SENT |

CVW-2200265

| | | |
|---|---|---|
| **BRANDY KOSUB,** | § | **IN THE DISTRICT COURT** |
| | § | |
| **PLAINTIFF,** | § | |
| **vs.** | § | |
| | § | **81st JUDICIAL DISTRICT** |
| **ROBERT TAIYO GUERRA AND** | § | |
| **ACADIAN AMBULANCE SERVICE, INC.,** | § | |
| | § | |
| **DEFENDANT.** | § | **WILSON COUNTY, TEXAS** |

## <u>PLAINTIFF'S THIRD NOTICE OF FILING BILLING AND MEDICAL RECORDS WITH AFFIDAVITS</u>

TO THE HONORABLE JUDGE OF SAID COURT:

You are notified that Plaintiff files this Third Notice of Filing of Plaintiff's medical and billing records by affidavit pursuant to Tex. Civ. Prac. and Rem. Code §18.001(h)(1) and as business records pursuant to Texas Rules of Evidence 902(10). The following Notice of Service with billing records have been served upon all parties to this case in accordance with the requirement of Tex. Civ. Prac. and Rem. Code §18.001(d-2) and TRE 902(10):

EXHIBIT "A"      Christina Newton, Custodian of Billing Records
All Schertz Cibolo PT/Biomotion PT
17323 Interstate 35 N. Suite 107
Schertz, Texas 78154
(210) 659-4333

EXHIBIT "B"      Christina Newton, Custodian of Medical Records
All Schertz Cibolo PT/Biomotion PT
17323 Interstate 35 N. Suite 107
Schertz, Texas 78154
(210) 659-4333

A true copy of the foregoing affidavit and records are attached hereto. Plaintiff is forwarding a copy of the above-referenced affidavit and records to Defendants. Defendants are further notified that the affidavits and records will be used by Plaintiff as evidence in the trial of this case.

1

Respectfully submitted,

**DE LEON LAW OFFICE**
219 N. Alamo St., Suite 300
San Antonio, Texas 78205
Telephone:      (210) 684-4433
Facsimile:      (210) 247-9631
Email: eric@deleonlawoffice.com

*G. Eric De Leon*

GILBERT ERIC DE LEON
State Bar No: 24045763

Attorney for Plaintiff Brandy Kosub

## Certificate of Service

I hereby certify that on this the 4th day of December 2022, I provided a copy of the foregoing to Defendant via e-mail in accordance with TRCP 21a.

GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH
Mark R. Pharr, III; tiger@gallowaylawfirm.com
Berenice Medellín Pruettiangkura; bmedellin@gallowaylawfirm.com
14643 Dallas Parkway, Suite 635
Dallas, Texas 75254
Telephone: (214) 545-6389
Fax: (214) 442-7973

ATTORNEYS FOR DEFENDANTS

*G. Eric De Leon*

Gilbert Eric De Leon

Filed
2/5/2022 2:11 PM
Deborah Bryan
Wilson County
District Clerk

## CAUSE NO. CVW-2200265

| | | |
|---|---|---|
| BRANDY KOSUB, | § | IN THE DISTRICT COURT |
| | § | |
| PLAINTIFF, | § | |
| vs. | § | |
| | § | 81ST JUDICIAL DISTRICT |
| ROBERT TAIYO GUERRA AND | § | |
| ACADIAN AMBULANCE SERVICE, INC., | § | |
| | § | |
| DEFENDANTS. | § | WILSON COUNTY, TEXAS |

---

### PLAINTIFF'S FIRST AMENDED PETITION AND JURY DEMAND

TO:   THE HONORABLE JUDGE OF SAID COURT

NOW COMES Plaintiff Brandy Kosub and files this her First Amended Petition and Jury Demand complaining of Defendants Robert Taiyo Guerra and Acadian Ambulance Service, Inc. (collectively "Defendants") and for such cause of action, would respectfully show unto the Court as follows:

### I. DISCOVERY CONTROL PLAN

1.1     Plaintiff pleads that pursuant to Tex. R. Civ. P 169(d) (1), discovery shall be conducted under Discovery Control Plan Level 3.

### II. SPECIFIC STATEMENT OF RELIEF

2.1     Plaintiff pleads for an amount of actual and exemplary damages which the jury deems reasonable under the circumstances which is between $1 and $10 million.

### III. PARTIES

3.1     Plaintiff, **Brandy Kosub**, is a resident of Wilson County, Texas.

3.2     Defendant **Robert Taiyo Guerra** is an individual citizen of Comal County, Texas, who has made a general appearance in this case.

Filed
12/20/2022 4:11 PM
Deborah Bryan
Wilson County
District Clerk

3.3    Defendant **Acadian Ambulance Service, Inc**. is a foreign entity doing business in Wilson County, Texas, who has made a general appearance in this case.

## V. JURISDICTION AND VENUE

4.1    The amount in controversy is within the jurisdictional limits of this Court.  The Court has jurisdiction to grant all relief requested by Plaintiff.

4.2    Venue of this lawsuit is proper in Wilson County pursuant to Texas Civil Practice & Remedies Code Annotated § 15.002, as all or substantial part of the event or omissions giving rise to these causes of action occurred in Wilson County, Texas.

## V. FACTS

5.1    Plaintiff brings this lawsuit to recover damages arising out of an automobile collision which occurred on or about May 21, 2021.  On that day, Ms. Kosub was traveling southbound on US 87 in Wilson County, Texas in her 2016 Honda CRV.  Defendant Guerra, while in the scope and course of his employment – specifically while transporting a patient - was traveling the opposite direction in an Acadian Ambulance.  At some point, Defendant crossed the center lane and began driving on the wrong side of the road.  Realizing that a head-on collision was imminent, Plaintiff swerved left to avoid direct impact, but was still struck by the Acadian Ambulance.  The impact causing Plaintiff's vehicle to roll over several times before coming to rest in a ditch.  As a result of this collision, Mr. Guerra was ticketed for driving on the wrong side of the road and Plaintiff sustained significant injuries.

## VI.  RESPONDEAT SUPERIOR/VICARIOUS LIABILTY

6.1    Plaintiffs would show that Defendant Robert Taiyo Guerra was an agent, servant and/or employee of Acadian Ambulance Service, Inc. and was, at the time of the incident made the basis of this suit, acting within the course and scope of his employment for said Defendant.  Pursuant to

Filed
1/6/2022 2:41 PM
Deborah Bryan
Wilson County
District Clerk

the doctrines of respondeat superior and vicarious liability, Defendant Robert Taiyo Guerra's

negligent acts and/or omissions are imputed to Acadian Ambulance Service, Inc.

## VII.  NEGLIGENCE AND GROSS NEGLIGENCE OF DEFENDANT ROBERT TAIYO GUERRA

7.1    Plaintiff would show that, at the time of the incident, Defendant ROBERT TAIYO

GUERRA was negligent and grossly negligent in at least the following respects:

      a.    In driving on the wrong side of the road;

      b.    In failing to take proper evasive action to avoid the collision in question;

      c.    In operating his vehicle while his ability or alertness was so impaired, or likely to become impaired, as to make it unsafe for him to operate the vehicle in question;

      d.    In failing to exercise that degree of care and prudence which an ordinary reasonable person would exercise under the same or similar circumstances; and

      e.    Driver inattention; and

      f.    In violating applicable provisions of the Texas Transportation Code.

7.2    The above enumerated acts and/or omissions on the part of the Defendant, alone or in

combination with others which may be shown after discovery in this cause, constitute negligence

and gross negligence which was/were a proximate cause of the Plaintiff's injuries and damages

resulting from the incident in question.

## VIII.  NEGLIGENCE, NEGLIGENT HIRING, NEGLIGENT ENTRUSTMENT, AND GROSS NEGLIGENCE OF DEFENDANT ACADIAN AMBULANCE SERVICE, INC.

8.1    Plaintiff would show that the employer Defendant ACADIAN AMBULANCE SERVICE,

INC. was regulated by the Motor Carrier Safety Improvement Act of 1999 or Chapter 644 of the

Texas Transportation Code and was negligent, negligent per se and/or grossly negligent in at least

the following respects:

      a.    Hiring ROBERT TAIYO GUERRA when it knew or by the exercise of reasonable care should have known that ROBERT TAIYO GUERRA was an unsafe driver and

Filed
Deborah Bryan
Wilson County
District Clerk

was not competent to perform the requisite duties of his employment in a safe and prudent manner (**negligent hiring**); and

b. Failing to properly train and supervise ROBERT TAIYO GUERRA as an ambulance driver and for failing to know, or in the exercise of ordinary care, should have known that Defendant ROBERT TAIYO GUERRA was a careless, incompetent and unsafe driver and would operate the vehicle negligently and cause a collision (**negligent entrustment**);

c. Failure to implement, maintain and adhere to applicable safety and maintenance standards in violation of the applicable provisions of the Texas Motor Carrier Safety Regulations and/or the Texas Transportation Code (**negligence per se**).

8.2    The above enumerated acts and/or omissions on the part of the Defendant ACADIAN AMBULANCE SERVICE, INC., alone or in combination with others which may be shown after discovery in this cause, constitute negligence, negligent hiring, negligent entrustment, negligence per se and/or gross negligence which was/were a proximate cause of the Plaintiff's injuries and damages resulting from the incident in question.

## VIII. DAMAGES

8.1    Plaintiff, Brandy Kosub, has incurred and is entitled to, all of the following legal damages as a result of Defendant's conduct:

1.    Medical and pharmaceutical expenses that Plaintiff has incurred in the past;

2.    Medical and pharmaceutical expenses that, in reasonable probability Plaintiff will incur in the future;

3.    Physical pain and suffering experienced in the past;

4.    Physical pain and suffering that, in reasonable probability, Plaintiff will suffer in the future;

5.    Mental anguish experienced in the past;

6.    Mental anguish that, in reasonable probability, Plaintiff will suffer in the future;

7.    Physical impairment in the past;

8.    Physical impairment that, in reasonable probability, Plaintiff will suffer in the future;

9.      Physical disfigurement sustained in the past;

10.     Physical disfigurement that, in reasonable probability, Plaintiff will suffer in the future;

11.     Loss of earning capacity sustained in the past;

12.     Loss of earning capacity that, in reasonable probability, Plaintiff will suffer in the future;

13.     Exemplary damages;

14.     Pre and post judgment interest as permitted by law.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that upon a final trial by jury, that a Judgment be rendered for Plaintiff and against Defendants for actual and exemplary damages, jointly and severally, in an amount the jury deems reasonable under the circumstances which is in excess of the minimum jurisdictional limits of the Court, along with cost of court, and both post and pre-judgment interest as allowed by law, ands for such other further relief to which Plaintiff may be justly entitled.

### PLAINTIFFS RESPECTFULLY REQUEST A JURY TRIAL

Respectfully submitted,

**DE LEON LAW OFFICE**
219 N. Alamo St., Suite 300
San Antonio, Texas 78205
Telephone:      (210) 684-4433
Facsimile:      (210) 247-9631
Email: eric@deleonlawoffice.com


GILBERT ERIC DE LEON
State Bar No: 24045763

Attorney for Plaintiff Brandy Kosub

Filed
12/13/2022 2:41 PM
Deborah Bryan
Wilson County
District Clerk

## **Certificate of Service**

I hereby certify that on this the 13th day of December 2022, I provided a copy of the foregoing to
Defendant via e-mail in accordance with TRCP 21a.

GALLOWAY, JOHNSON, TOMPKINS BURR & SMITH
Mark R. Pharr, III; tiger@gallowaylawfirm.com
Berenice Medellín Pruettiangkura; bmedellin@gallowaylawfirm.com
14643 Dallas Parkway, Suite 635
Dallas, Texas 75254
Telephone: (214) 545-6389
Fax: (214) 442-7973

ATTORNEYS FOR DEFENDANTS


*G. Eric De Leon*
Gilbert Eric De Leon

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Gilbert  De Leon on behalf of Gilbert  De Leon
Bar No. 24045763
eric@deleonlawoffice.com
Envelope ID: 70983122
Status as of 12/14/2022 8:12 AM CST

Associated Case Party:  ROBERTGUERRA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 12/13/2022 4:41:22 PM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 12/13/2022 4:41:22 PM | SENT |
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 12/13/2022 4:41:22 PM | SENT |
| Karen Rivera | | krivera@gallowaylawfirm.com | 12/13/2022 4:41:22 PM | SENT |

Associated Case Party:  INCACADIAN AMBULANCE SERVICE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 12/13/2022 4:41:22 PM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 12/13/2022 4:41:22 PM | SENT |
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 12/13/2022 4:41:22 PM | SENT |
| Karen Rivera | | krivera@gallowaylawfirm.com | 12/13/2022 4:41:22 PM | SENT |

Associated Case Party: BRANDYKOSUB

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gilbert EricDe Leon | | eric@deleonlawoffice.com | 12/13/2022 4:41:22 PM | SENT |

Filed
5/23 31:34 PM
Deborah Bryan
Wilson County
District Clerk

CAUSE NO. CVW2200265

| | | |
|---|---|---|
| BRANDY KOSUB, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | WILSON COUNTY, TEXAS |
| ROBERT TAIYO GUERRA AND | § | |
| ACADIAN AMBULANCE SERVICE, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | 81ST JUDICIAL DISTRICT |

## NOTICE OF HEARING

BE ADVISED that Defendant Acadian Ambulance Service, Inc.'s Motion to Bifurcate Trial is set for hearing on Tuesday, January 31, 2023 at 9:00 a.m. at the Wilson County District Courtroom, 1105 Railroad, Floresville, Texas via Zoom. The Zoom invite will be sent to you on a later date.

Respectfully submitted by,

GALLOWAY, JOHNSON, TOMPKINS
  BURR & SMITH

*/s/ Berenice Medellín Pruettiangkura*
Mark R. Pharr, III
  State Bar No. 15898950
  tiger@gallowaylawfirm.com
Berenice Medellín Pruettiangkura
  State Bar No. 24088746
  bmedellin@gallowaylawfirm.com
14643 Dallas Parkway, Suite 635
Dallas, Texas 75254
Telephone: (214) 545-6389
Fax: (214) 442-7973

**ATTORNEYS FOR DEFENDANTS**

1

Filed
1/5/2023 3:31:34 PM
Deborah Bryan
Wilson County
District Clerk

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served by and through the Court approved electronic filing manager via email to participating parties and/or via hand delivery, facsimile, certified mail return receipt requested and/or U.S. First Class Mail to all known counsel of record on this 5th day of January, 2023, as follows:

***Via E-Service***
Gilbert Eric De Leon
De Leon Law Office
219 North Alamo Street, Suite 300
San Antonio, TX  78205


*/s/ Berenice Medellín Pruettiangkura*
Mark R. Pharr, III
Berenice Medellín Pruettiangkura

2

### Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Shelia Shafer on behalf of Berenice Medellin
Bar No. 24088746
sshafer@gallowaylawfirm.com
Envelope ID: 71519207
Status as of 1/5/2023 1:45 PM CST

Associated Case Party: BRANDYKOSUB

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Gilbert EricDe Leon | | eric@deleonlawoffice.com | 1/5/2023 1:30:45 PM | SENT |

Associated Case Party:  ROBERTGUERRA

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 1/5/2023 1:30:45 PM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 1/5/2023 1:30:45 PM | SENT |
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 1/5/2023 1:30:45 PM | SENT |
| Karen Rivera | | krivera@gallowaylawfirm.com | 1/5/2023 1:30:45 PM | SENT |

Associated Case Party:  INCACADIAN AMBULANCE SERVICE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Mark  R. Pharr, III | | tiger@gallowaylawfirm.com | 1/5/2023 1:30:45 PM | SENT |
| Berenice MedellinPruettiangkura | | bmedellin@gallowaylawfirm.com | 1/5/2023 1:30:45 PM | SENT |
| Shelia Shafer | | sshafer@gallowaylawfirm.com | 1/5/2023 1:30:45 PM | SENT |
| Karen Rivera | | krivera@gallowaylawfirm.com | 1/5/2023 1:30:45 PM | SENT |